WILLIAM TOPPING *vs.* WEARE D. BICKFORD.

Proof of the execution of a note to the " Continental Insurance Company " is sufficient, *prima facie,* to establish the legal existence of a corporation bearing that name, in an action by an indorsee of the note against the maker.

The president of an insurance company may be authorized to make a valid indorsement of its notes, although the charter provides that the company shall have power " to make, execute and perfect such contracts, bargains, agreements, policies and other instruments as shall or may be necessary, and as the nature of the case may require; and every such contract, bargain, agreement, policy or other instrument to be made by said company shall be in writing or in print, and signed by the president and secretary, or by such other officer or officers as the directors may appoint for that purpose." And proof of a formal vote is not necessary.

It is not necessary for a party who claims title to notes through the indorsement of a foreign corporation, to produce the books of the corporation, if they are out of the Commonwealth; and depositions of late officers of the company are admissible, although, in reply to cross-interrogatories requesting them to do so, they did not annex the records of the company, or copies of them, if the same were not in their custody.

CONTRACT upon three promissory notes, signed by a firm of which the defendant is the surviving member, payable to the order of the Continental Insurance Company, and indorsed " Continental Insurance Co., Geo. W. Colladay, Pres."

At the trial in the superior court, before *Morton,* J., the plaintiff offered in evidence the depositions of William Larzelare and George W. Colladay, of Philadelphia, for the purpose of proving the existence of the Continental Insurance Company as a corporation, and that Larzelare was secretary and Colladay president thereof, and had acted as such, and that Colladay had authority to indorse the notes. Both witnesses testified that the company was incorporated by a special act of the State of Pennsylvania, and a copy of the charter was annexed; that the president was in the habit of indorsing its notes, and had authority to do so;

that the company had failed, and its records were in the hands of its assignee in insolvency. The defendant objected to this evidence, but it was admitted.

Section 6 of the charter was in part as follows : " The company shall have full power and authority . . . . . to make, execute and perfect such contracts, bargains, agreements, policies and other instruments as shall or may be necessary, and as the nature of the case may require ; and every such contract, bargain, agreement, policy or other instrument to be made by said company shall be in writing or in print, and signed by the president and secretary, or by such other officer or officers as the directors may appoint for that purpose."

The defendant asked the judge to instruct the jury that, under these provisions, the indorsements, to be legal, must be signed by the president and secretary ; or that, in any event, the only mode in which the directors could authorize the president to make them was by vote. The judge declined so to rule, and instructed the jury that if the directors, by vote or otherwise, authorized him to indorse the notes in suit, his indorsement would be the act of the company.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*T. H. Russell,* for the defendant.

*J. C. Davis,* ( *C. Allen* with him,) for the plaintiff.

CHAPMAN, J. 1. The defendant, by contracting with the Continental Insurance Company in their corporate name, admitted, *prima facie,* their legal existence, and their capacity to make and enforce the contracts. *Williams* v. *Cheney,* 3 Gray, 215.

2. The charter, a sworn copy of which is annexed to the depositions, does not absolutely require that all contracts of the corporation shall be signed by the president and secretary, but by them " or by such other officer or officers as the directors may appoint for that purpose." Therefore they might appoint the president alone.

3. The deposition of Colladay proves that he came into office as president with the other officers, and acted in that capacity in conjunction with them for a long time, and that he

was therefore president *de facto.* Angell &· Ames on Corp. § 139. It also proves that he was authorized by the direc-tors to transfer the notes of the company by indorsement of his own name as president. Proof of a vote of the directors is not necessary. *Melledge* v. *Boston Iron Co.* 5 Cush. 158.

4. The records of the corporation being out of the jurisdic-tion of the court, and out of the custody of the witnesses, the depositions were admissible without annexing to them the rec-ords or copies of them. All that the plaintiff was bound to prove, to establish a *prima facie* case, was an indorsement of the notes which would be valid as against the insurance company. This he could establish without going to their records, and the evidence sufficiently establishes the fact. *Fay* v. *Noble,* 12 Cush 1. *Lester* v. *Webb,* 1 Allen, 34.          *Exceptions overruled.*